UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL McMAHAN, | ) |
| Movant, | ) |
| vs. | ) No. 4:10CV944 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

**Movant's Claims**

Movant makes the following claims in his Amended Motion:

**Ground One**: Ineffective assistance of counsel due to a willful disobedience to court order.

**Ground Two:** Ineffective assistance of counsel (counsel failed to issue "truthful" and "competent" plea, and pre-plea advice.

**Ground Three:** Ineffective assistance of counsel for failure to interview or contact any witnesses, make objection to enhancements and lied about relevant

case law.

**Ground Four:**  Ineffective counsel caused the Court to abuse its discretion in denying [Movant's] motion for substitute counsel.  Court error.

## Facts and Background

On June 26, 2008, Movant was indicted by a federal grand jury which charged Movant with conspiracy to manufacture, distribute and possession with intent to distribute methamphetamine, possession of pseudoephedrine, manufacturing methamphetamine, and using a place for the purpose of unlawfully manufacturing methamphetamine.  Movant plead guilty, pursuant to a written plea agreement on October 14, 2008.   The government dismissed Counts one and twelve of the indictment in exchange for Movant's plea to counts two through eleven.  The probation office prepared a presentence investigation report (PSR).

The Court sentenced Movant to 200 months incarceration and four years supervised release on January 9, 2009.  Movant filed his notice of appeal on January 26, 2009.  On April 26, 2009, the Court of Appeals for the Eighth Circuit granted the government's motion to dismiss the appeal based on Movant's appeal waiver contained in the Plea Agreement.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail

on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One and Two**

Movant argues that counsel was Ineffective assistance due to a willful disobedience to court order and that counsel failed provide "truthful" and "competent" plea, and pre-plea advice.

Although Movant provides the Court with a declaration which includes his accusations, the record before the Court establishes that *at the time of the plea*, Movant did not notify the Court of any issues he had with his attorney.  Movant was given the opportunity during the plea and at sentencing, to advise the Court of any misgivings, issues, concerns, or problems he was having with his attorney.  Movant's post-sentencing declaration does not serve to defeat Movant's sworn testimony that counsel provided him with the effective representation.  Movant's plea was well advised, it was not the result of "willful disobedience to a court order" nor was it based on untruthful or incompetent advice.  As the record clearly establishes, Movant's plea  was a fully informed, voluntary agreement entered into by Movant.  Movant has failed to establish that counsel's representation fell below an objective standard of reasonableness.

**Ground Three**

Movant argues that counsel did not interview or contact any witnesses, make objections to enhancement and lied about relevant case law.  Counsel has submitted her affidavit wherein counsel avers that Movant failed to provide her

with any names of witnesses he wished to be interviewed or contacted. Movant provides no evidence to the contrary.

Additionally, Movant argues that counsel was ineffective for failing to object to a criminal history calculation based upon a future change to United States Sentencing Guideline 4A1.1(e). The additional two points were added because Movant committed the offenses within two (2) years from his release from prison on a prior criminal offense. The proposed amendment was not even in effect or pending at the time of Movant's sentencing on January 9, 2009. Counsel can not be deemed to be ineffective for failing to pursue a meritless claim which was not available at the time of Movant's sentencing. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

**Ground Four**

The Court agrees with the government that ground four, while couched in terms of "ineffective assistance of counsel," in reality is an attempt to circumvent the waiver of post conviction relief the plea agreement.  Movant claims that the Court erred and abused its discretion in not affording him substitute counsel. This claim in no way raises an ineffective assistance of counsel claim and as such, this caim was waived in Movant's valid plea agreement.

## Conclusion

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford him relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 11th day of December, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE